# Helton *v.* Alabama Midland Railroad Co.

*Action by Employe for Damages for Personal Injuries.*

1. *Venue in personal actions.*—Whenever, by either the common-law or the statutes of a State, a right of action has become fixed against a corporation whose domicile is in Alabama, such right may be enforced in this State, although the cause of action arose in another State.

2. *General charge improper when there is conflict in the evidence.* When there is conflict in the evidence or contrary inferences may be drawn from the evidence supporting the allegation of negligence on the part of the defendant or the plea of contributory negligence on

[Helton v. Alabama Midland R. R. Co.]

the part of the plaintiff, the general affirmative charge should not be given.

3. *Inability to earn a living as element of damage.*—When the injury for which damages are claimed resulted in the loss of an arm, the plaintiff should be allowed to show that he had not a sufficient education to earn a livelihood in a clerical calling.

4. *Position of brakeman for signaling train.*—In an action by a brakeman for injuries received by him whilst engaged in giving signals to an approaching train, it is admissible for him to show that his proper position at such time, was on the track of the railway.

5. *Offer of employment.*—That the defendant offered the plaintiff employment after he had been injured in its service, is irrelevant testimony unless followed by proof, showing the terms and character of the offer.

6. *Complaints of sickness as evidence.*—An utterance or complaint of sickness is original evidence of the physical state indicated by it whenever that state is a matter of pertinent inquiry.

7. *Conclusion of witness inadmissible.*—A witness cannot be allowed to state that he was in a better position to see an occurrence than another witness on the same train, since the facts showing the relative position occupied by each, should have been submitted to the jury.

8. *Witness cannot be contradicted on immaterial matter.*—It is error to admit in evidence for the purpose of impeaching a witness, a written statement made by him to his employer shortly after the accident, containing the opinion of the witness as to the causes of the accident and not contradictory of any fact testified to by him in the trial.

9. *Relevancy of rule for signaling trains.*—When the questions of negligence on the part of an engineer in failing to obey signals becomes a pertinent inquiry; it is erroneous not to allow a rule established by his employer for the guidence of engineers in obeying signals to be introduced in evidence.

10. *One rightfully on track of a railway not a trespasser.*—When a brakeman required to be at a place on a railway track to signal a train, fainted and became unable to get away, he was not guilty of contributory negligence, but if he negligently fell asleep and was thus injured, he cannot recover except for wanton or reckless conduct on the part of defendant's engineer, yet, in neither case was he a trespasser on the track.

11. *Law of the forum governs as to rules of evidence.*—The law of another State where the injury occurred prescribing a rule of evidence for the enforcement of the cause of action, which is in opposition to the rule prevailing in this State, will not be applied in a suit brought in this State.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This action was brought by John R. Helton, against the Alabama Midland Railroad Company, and sought to recover damages for injuries sustained in the State of Georgia, by the alleged negligence of the defendant. The undisputed evidence showed the following facts : That defendant, is an Alabama corporation and owns a railroad extending from Montgomery, Alabama, to Bainbridge, in the State of Georgia. That plaintiff was in the service of defendant as brakeman on one of its freight trains which left Montgomery,

[Helton v. Alabama Midland R. R. Co.]

on 16th of June, 1890, reaching Josephine Station, in the State of Georgia, after dark, at which point the train went on a side track, but it became necessary to send a flagman forward to signal an approaching train. Plaintiff was ordered to perform this duty and took with him a white and red lantern, both of which were in good condition and went to the place where the signal should be displayed, it being his duty to swing his red light across the track on the approach of the train. About an hour after reaching the place the train approached at the rate of about five miles an hour and under complete control and ran over the right arm of plaintiff as he was lying along the outside of the track with his arm over the rail, his white lantern was burning in his left hand and the red light was burning on the track. This was at a place where it was not usual to place lights except as a signal of danger, and the rules provided that a red light signified that there is danger ahead.

The plaintiff explained his position by stating that while waiting he became deathly sick and supposed that he must have fainted, but the engineer testified that plaintiff had his elbow on the track and his head in his hand, and it was insisted for the defendant that this tended to show he was asleep.

There was a conflict in the testimony as to whether the red light was burning brightly at the time. The engineer of the train which injured plaintiff testified that he did not see the red light until within fifteen feet of it and it was burning very dimly, but he saw the white light about three-fourths of a mile, while a brakeman on the same train testified he saw both lights, the latter distance.

Four sections of the Code of Georgia were read in evidence. The court sustained defendant's objections to the following questions propounded by plaintiff: "Have you, or not, sufficient education to enable you to earn a livelihood in a clerical calling?" "Is that, or not, the proper place for all brakemen charged with the duty of flagging a train under similar circumstances?" "At the time that you ordered the plaintiff to go forward to signal the approaching train, did or did not the plaintiff make any complaint to you, or say anything to you about feeling bad?" "When Helton left you with his lights, did he, or not, say to you anything about being sick?" Against plaintiff's objection witnesses were allowed to answer the following questions: "Didn't your crew ask to be sent to Bainbridge?" "Could he, by greater foresight on his part, have prevented his injury? If

[Helton v. Alabama Midland R. R. Co.]

so, in what manner?" "State all the particulars you may know relative to the accident?"

The written statement, which was offered to be introduced, also contained the answers of the witness Jones, in which he expressed his suppositions as to how the accident occurred, and in which he answered the first question by saying: "Yes, by having attended to his duty, instead of going to sleep on the track."

The oral charge of the court covers twenty-one pages of the transcript and because of its great length is not given in full. The principal points in the charge to which exceptions were taken are as follows: "1, That the plaintiff could not recover unless he showed that the injury was the result of the negligence of the defendant. 2, If the plaintiff was guilty of negligence he cannot recover. 3, That the plaintiff was an employe and the rule of comparative negligence does not apply. It only applies to persons standing in relations other than employes. 4, If plaintiff went to sleep on the track, or if he suddenly fell sick on the track, he was in no better position in regard to the other employes than if he were wrongfully there. 5, That when plaintiff showed he was injured by the defendant, he made out a *prima facie* case to recover and the burden was placed on defendant to reasonably show that it was not the result of negligence on its part."

The plaintiff excepted to the refusal of the court to give the following charges: (1) "The court charges the jury that the fact that the plaintiff was injured, if this was a fact, rendered the defendant liable, irrespective of the intention of the engineer in charge of the train, unless the defendant has justified the injury by some rule of law." (2) "The court charges the jury that, although the plaintiff could not recover if the injury was brought about solely by negligence on his part, yet, if the injury arose from negligence on the part of both plaintiff and defendant, then the plaintiff can recover, notwithstanding his negligence; but the damage should, in such case, be diminished by the jury in proportion to the amount of fault attributable to him." (3) "The court charges the jury that the plaintiff was not a trespasser under the evidence in this case, and, if the injury was inflicted upon him by reason of wantonness on the part of the defendant or its engineer, then the plaintiff is entitled to recover." (4) "The court charges the jury that, if they believe from the evidence that the engineer in charge of the engine pulling the train that injured the plaintiff saw the white light on the track within such time and distance before it

was reached as would have enabled him to have stopped said train before the accident causing the injury to plaintiff occurred, had the engineer exercised all ordinary and reasonable care and diligence to stop it, and if the evidence satisfies you that said white light which said engineer saw upon said track was a signal imperfectly displayed which required said engineer to regard that light as danger signal, as required by rule 65, which is in evidence, then the plaintiff would·be entitled to recover."

The plaintiff excepted to each of the following charges given at the request of the defendant: (1) "If Helton could, by ordinary care have avoided the injury to himself complained of, the plaintiff cannot recover in this action, unless the jury believe from the evidence that there was gross negligence on defendant's part; and by "gross negligence," is meant such reckless indifference on the part of the defendant, its agents or employees, as to supply the bad element of willfulness from preventive activity, which if it existed, might have averted the injury." (2) "It was the duty of the plaintiff, when he went upon the track of defendant, to have looked up and down the track attentively, and if he failed to do this, if he remained upon the track when he discovered he was going to faint, and could by prudence and care have got off the track and avoided the injury, then the plaintiff was guilty of contributory negligence in remaining on the track." (3) "If the plaintiff, Helton, went to sleep in the position testified to by the witness Livingston, with his face in his right hand, and his right arm resting on defendant's track, supporting his (plaintiff's) head, and the engineer Livingston, did not see the red light on the track in time to stop his engine and avert the injury, and there was no negligence on the part of said engineer, the plaintiff cannot recover." (4) "The court charges the jury that the plaintiff was a co-employe with the witness Livingston, having the same common master, the Alabama Midland Railway Company, at the time of the injury complained of."

GREGORY L. & H. T. SMITH and W. E. RICHARDSON, for appellant, made the following points: That an action for a tort is transitory and can be enforced wherever service can be had upon the defendant, *Bissell v. R. R.*, 22 N. Y. 253; *McCormick v. R. R.*, 49 N. Y. 303; *Dennick v. R. R.*, 103 U. S. 17; *R. R. v. Miller*, 19 Mich. 305; that plaintiff's statements as to his sickness were admissible, *Western Union Tel. Co. v. Henderson*, 89 Ala. 510; *Autauga Co. v. Davis*, 32 Ala. 703; *Pitts v. Burrows*, 6 Ala. 733; *Olds v. Powell* 7 Ala.

652; that the witness was improperly allowed to state that he could see the lantern better than another witness, *Ga. Pac. R'wy. v. Propst*, 83 Ala. 527; *R. R. v. Mallett*, 92 Ala. 215; *Riley v. State*, 88 Ala. 196; 1 Brick. 875; 3 *Ib.* 436; that the written statement was inadmissible, *Callan v. Mc-Daniel*, 72 Ala. 105; *Washington v. State*, 68 Ala. 85; that the laws of Georgia prescribed the rules of evidence, *Dennick v. R.* R. 103 U. S. 17.

A. A. WILEY, for appellee, contended that the courts of Alabama had no jurisdiction of the cause, citing 55 Ga. 194; 46 Vt. 697; 14 Allen, 386; *St. Clair v. Cox*, 106 U. S. 350; *Parke v. Com. Ins. Co.*, 44 Pa. St. 422; *C. R. R. v. Carr*, 76 Ala. 393; that the plaintiff contributed to his own hurt, *L. & N. R. R. v. Black*, 89 Ala. 313; *R. R. v. Crawford, Ib.* 245.

HEAD, J.—The objection that defendant is not suable, in the courts of this State, for the alleged tort, is not well taken. The defendant is a domestic, not a foreign corporation. The tort complained of is an injury to the plaintiff's person committed by the defendant in the State of Georgia. The cause of action is transitory in its nature, and may be enforced in the courts of this State where the defendant corporation has its domicil, and where jurisdiction of its person may be lawfully obtained.—*Dennick v. R. R. Co.*, 103 U. S. 11, and cases there cited.

It is very clear, under the evidence, that the questions: 1. Whether defendant was guilty of negligence, as charged, causing the injury, and 2. Whether plaintiff was guilty of negligence proximately contributing to the injury, were questions for the determination of the jury, there being evidence tending to establish the affirmative and negative of each proposition. The general affimative charge, therefore, could not have been properly given for either party.

The appellant, plaintiff below, reserved many exceptions to the admission and rejection of testimony. The plaintiff was a brakeman on one of defendant's trains. Under a statute of Georgia, pleaded and introduced in evidence, an employe of a railroad company may recover of the company for an injury caused by the negligence of another servant of the company, unless his own negligence contributed to the injury. The plaintiff's case, in short, is, that while rightfully on the track of the railroad, at night, near Josephine Station, in the discharge of the duties of his employment, for the purpose of signaling with his lantern an incoming train to stop, in order to prevent a col-

[Helton v. Alabama Midland R. R. Co.]

lision with cars standing on the track at the station, he became sick and faint and fell, in an unconscious condition, on the track; and whilst in that condition, the engineer of the incoming train negligently ran the engine over and injured him. It is claimed that though having fallen and lain upon the track in such unconscious condition, his lanterns, the one giving a red light, and the other a white light, remained displayed upon the track in such manner that the engineer saw or ought to have seen and anticipated the danger and stopped the train in time to have prevented the catastrophe. The defendant denies all negligence on the part of the engineer, and insists that the plaintiff wrongfully and negligently went upon the track where he became sick, or negligently fell asleep upon the track, and thereby brought the injury upon himself. These are, in brief, the issues the jury was called to try. The case is fully argued, in writing, by counsel of both parties, and we will consider only such questions as are insisted upon in argument. The exceptions to the admission and rejection of testimony are stated, succinctly and in order, in the brief of appellant's counsel, and we will consider them as there presented. 1. The plaintiff should have been allowed to state as a witness whether or not he had sufficient education to earn a livelihood in a clerical calling. His occupation had previously been that of a brakeman. He had lost an arm and thereby was rendered unable to pursue that calling. He was damaged thereby, in respect of his ability to earn, more or less, or not at all, according as he was competent to pursue other avocations, more or less or equally lucrative. The extent of his damage in this regard was legitimately under investigation, and we see no reason why he should not be permitted to prove his inability to pursue other common and lucrative employment.

2. He should have been allowed to testify whether or not on the track was the proper place for all brakemen charged with the duty of flagging a train, under circumstances similar to those under which he undertook to flag the train in question. That was one of the very issues before the jury. He had been long in service as a brakeman, and consequently an expert in such matters, and was competent to state where the duty of a brakeman required him to be while performing the particular service.

3. The question to plaintiff, on cross examination, "Did not your crew ask to be sent to Bainbridge?" amounted to nothing, since it does not appear what answer was given to it, or that it was answered at all. We remark, however,

[Helton v. Alabama Midland R. R. Co.]

that we can see no possible relevancy the question bore to any issue before the jury, or how plaintiff could be possibly bound or affected by a request of his crew, in which he did not join, to be sent to Bainbridge.

4. We think, as the case is stated in this record, the question put to plaintiff by counsel for defendant, "Did'nt Mr. Haylow offer you a position upon the Alabama Midland Railway after you were injured," and the further question, "Did you not refuse that position?" were improper and subject to a motion to exclude, if such had been made at the proper time. As preliminary questions, however, designed to be connected with further proof showing the character and terms of the offer, so as that the jury could determine its acceptability and value to the plaintiff, they would have been proper, and in that view the court was not in error in overruling plaintiff's objections to them. It turned out, however, that defendant's counsel did not design so to connect them, and the indefinite offer remained in evidence before the jury, for that body to surmise its value, if it possessed any at all, to the plaintiff. We have said this much that the question may be properly treated and disposed of on another trial.

5. The plaintiff should have been allowed to prove by the witnesses Bradford and Bowden, that when he was ordered by the engineer, Bradford, to go with his lights to flag the train, and when he left, he complained of feeling bad or of being sick.—*West. U. Tel. Co. v. Henderson,* 89 Ala. 510.

6. The question propounded by the defendant to its witness, Stevenson, "Were you or not in a better position to see up the track than Jones" and his answer that he was, were, under the circumstances, improper. Jones had testified for plaintiff, and stated that he was a brakeman on the train which ran over plaintiff and that when within about 500 or 600 yards from the place where plaintiff was injured the engineer blew for brakes, and the witness leaned out from the platform and looked forward down the track to see what was the matter, and saw two lights, one a red and the other a white light, which were apparently on or near the track, and which he subsequently learned were the lights which the plaintiff had. This evidence was controverted by the defendant, and the question objected to, put to Stevenson, was for that purpose. Stevenson had already testified that he did not know what position Jones occupied on the train, except that he had seen him on two or three occasions, that night, in the caboose. Jones, as we have seen, testified that he was on the rear platform of the caboose when he looked

[Helton v. Alabama Midland R. R. Co.]

out and saw the lights. Evidently, Stevenson answered the question upon the assumption that Jones' position was in the caboose where he had seen him on two or three occasions, that night. Such assumption should not have been permitted to go in evidence before the jury. But even if the question and answer had been based upon well defined hypotheses of the respective positions on the train actually occupied by the two witnesses, at the time and place Jones says he looked out and saw the lights, we are of opinion it was improper. The facts should have been stated, and left to the jury to determine whether Stevenson occupied a better position to see down the track than Jones did.

7. The Circuit Court fell into grave error in admitting in evidence the written statement made by the witness Jones to his employer, the defendant, shortly after the accident. It was admitted, it is said, for the purpose of impeaching Jones, as a witness. There is not a sentence in the statement which is contradictory, in the least, of any fact, material or immaterial, to which Jones had testified on the trial. Except as to a few facts about which there was no dispute between the parties, and in contradiction of which Jones had given no testimony whatever, the whole statement consisted of Jones' theories and opinions as to how and why plaintiff came to be run over—theories and opinions in reference to which he did not testify, and could not lawfully have testified. The admission of the statement was so obviously erroneous, and promotive of injury to the plaintiff's cause, we will not further discuss it. The court ought to have sustained plaintiff's objection to each question asked the witness in reference to the statement, as well as to its introduction in evidence.

8. There was no error in admitting in evidence rule 59, from the company's book of rules, which provides that "a lamp swung across the track is the signal to stop." It must be presumed that engineers of trains are acquainted with the signals established and in force for their exclusive government in the running of trains in their charge. We are aware of the line of decisions which hold, in cases of suits by employees against the company, that it devolves upon the company to show plaintiff's knowledge of a rule, the breach of which by plaintiff is set up against him as contributory negligence. Those decisions do not apply to a case like the present. A signal to stop the train, we may say, is made exclusively for the engineer. Common knowledge teaches us the imperative necessity of knowledge on his part of the operating signals. It is indispensable to

[Helton v. Alabama Midland R. R. Co.]

the practical and safe operation of the train. It would be negligence *per se* in an engineer to run a train without acquainting himself with the signals in force on the road, and the law will not impute to him the commission of such negligence. The rule was competent evidence, therefore, as shedding light on the question of negligence on the part of the engineer on the occasion of plaintiff's injury.

It is undoubtedly true that the engineer's conduct in respect to stopping the train and preventing the injury to plaintiff, is not to be measured, and the solution of the question of negligence on his part not to be influenced, by the inquiry whether plaintiff fell and lay upon the track by reason of sickness and unconsciousness, or by negligently falling asleep; for it is unquestioned that the engineer had no information touching that inquiry; and we apprehend it was the purpose of the Circuit Court to lay down this rule in a number of instructions, excepted to, wherein the relation of the plaintiff to the railroad company whilst lying upon the track was, under either condition, defined. But the instructions went far beyond the assertion of this principle, and told the jury, in effect, that whether sick and unconscious, or negligently asleep, the plaintiff must be treated as the equivalent of a trespasser on the track, and his rights only those of a trespasser. We can not assent to that proposition. There is evidence tending to show that it was plaintiff's duty to be upon the track to signal the train, and that while there he fell sick, faint and unconscious, and was run over when in that condition. There is evidence also tending to show that he negligently fell asleep.

If his contention be correct he was not only not a trespasser, but was guilty of no negligence. We repeat, that if the jury should find that it was plaintiff's duty to be upon the track to signal the train, and whilst there became sick, faint and unconscious, by reason whereof he fell upon the track and remained there in such condition, and unable to protect himself against the incoming train, until he was run over by it, he was not a trespasser, as the court below declared him to be under such circumstances, nor was he guilty of contributory negligence barring his right to recover, if the injury was caused by negligence on the part of the engineer. It is equally clear that if he negligently fell asleep and thereby contributed to his hurt, or if he went wrongfully on the track to signal the train, and by reason thereof, when he became sick, unconsciously fell and remained upon the track, he was guilty of contributory negligence and can not recover, unless that defense is over-

[Helton v. Alabama Midland R. R. Co.]

come by wantonness or recklessness on the part of the engineer. Moreover, it was improper for the court to denominate the plaintiff a trespasser under any aspect of the case. Though, under the facts of this case, the effect and result, whether he was a trespasser, or merely guilty of negligence proximately contributing to his injury barring a recovery, may be practically the same, yet, being an employe and in the line of his duty as such, he was in no sense a trespasser, and should not have been so denominated. Indeed, to determine him a trespasser would establish a variance between the allegations and the proof, itself peventing a recovery, for he sues as an employe engaged in the line of his duty as such. These observations will serve to point out the objectionable portion of the court's general charge touching the questions discussed.

It is insisted by appellant that under statutes of Georgia, certain sections of which are in evidence and set out in the record, the doctrine of comparative negligence obtains, in cases like this, in that State, and that the Circuit Court erred in holding to the contrary. It is conceded in the brief of appellant's counsel, that under all the sections of the Georgia Code touching the subject, some material section or sections of which are not in evidence in this case, and under the decisions of the Supreme Court of Georgia construing those sections, the doctrine contended for does not apply in cases like the present; and we are invoked to interpret isolated portions of the law and declare a rule contrary to that really established and obtaining in the State of Georgia. As the judgment must be reversed on other grounds, we will not consider the question. On another trial, all the Georgia law on the subject can be introduced and the true rule applied, as it obtains in that State. One of the charges of the court, however, applying the law of contributory negligence, was faulty in that it omitted all inquiry whether the plaintiff's negligence proximately contributed to the injury.

It is insisted also by appellant, that under sec. 3033 of the Code of Georgia, introduced in evidence by him, the burden is upon the defendant, in actions like the present, to acquit itself of negligence, upon proof of the injury being made by the plaintiff. The question arises whether the local law of another State prescribing a rule of evidence for the ascertainment and enforcement of the cause of action arising in that State, which is in opposition to the rule prevailing in this State, will be applied by our courts when the suit is brought here. It is the settled law and policy of Alabama, that an employe suing the master for a personal injury must

[Helton v. Alabama Midland R. R. Co.]

not only prove the fact of injury but must allege and prove the negligence of the master or his servants which produced it. It is undoubtedly true that the law of the place where the cause of action arose, touching the right of action itself, will govern and be applied wherever the right is sought to be enforced, if not offensive to the positive law or public policy of the State or county where enforcement is sought; but it is equally well settled that the law of the forum governing the remedy and procedure designed and established to ascertain and give effect to the right will be applied. It is sometimes difficult to draw the distinction between those matters which inhere in and attach to the right itself and those which pertain to the remedy and procedure merely. There are classes of cases, arising upon contracts and wills, and perhaps otherwise, where rules prescribed by the local law partake of the nature of evidence, and yet so attach to the act or contract as to become a part of the right or obligation itself. Cases of this character will find illustration in the work of Judge Story on conflict of laws sec. 631 *et seqr;* but it will be observed that eminent author states, in sec. 634 a, "as a general truth, that the admission of evidence and the rules of evidence are rather matters of procedure than matters attaching to the rights and titles of parties under contracts, deeds and other instruments."

In *Bristow v. Sequeville*, 5 Exchequer, 275, it was held that a deed declared inadmissible in evidence by the law of the place where executed, for the want of a stamp, would nevertheless be received in evidence by the courts of another country, if proper according to the *lex fori.*

In *Hoadley v. Northern Transp. Co.* 115 Mass. 304, a contract for the shipment of goods had been made in Illinois, with the defendants as common carriers, who gave the plaintiff shipper a bill of lading containing an exemption clause, within which the loss occurred. By the law of Illinois the clause referred to was without force unless there was express evidence of the shippers assent to it; but the suit was brought in Massachusetts where the acceptance of the bill of lading is itself sufficient evidence of assent. The court said the real question on the trial was whether the plaintiff had assented, and held that the mode of proof was to be determined by the *lex fori.* The result was to receive the bill of lading without requiring the express evidence prescribed by the law of Illinois.

And Lord Brougham said in *Bain v. Whitehaven Ry. Co.,* 3 H. L. C. 1–19; "Whether a witness is competent or not,

[Helton v. Alabama Midland R. R. Co.]

whether a certain matter requires to be proved by writing or not, *whether certain evidence proves certain facts or not,* (the italics are ours) that is to be proved by the law of the country where the question arises."

It seems clear to us that a rule which declares that proof of the injury by the plaintiff, received at the hands of the defendant, is proof of the defendant's negligence causing the injury, unless the defendant overcomes it with counter proof, is clearly one of procedure designed for the ascertainment, on the trial, of the truth of the charge of negligence. Was there negligence on the part of the defendant which gave the plaintiff his alleged right of action, in the question under investigation? The methods of solving the question by evidence are those which pertain to the forum, and not those prescribed by a foreign jurisdiction. We hold, therefore, that the law of Alabama touching the burden of proof must be applied in this case, and that the court committed no error in holding that the burden was upon the plaintiff to show negligence on defendant's part producing the injury. Of course, as contended by appellant's counsel, if upon the whole evidence, negligence is established, though the proof of it may proceed from the defendant's witnesses, the plaintiff would be entitled to the benefit of the like effect as if established by himself. The charge given by the court on the subject, was probably faulty, in view of all the evidence, because it ignored that feature.

The other portions of the court's general charge, to which objection is made, as they are (no doubt imperfectly) reproduced in this record, are, some of them, so confused as to be meaningless; others are misleading, and some invade the province of the jury. They will not arise, in the same form, on another trial, and we deem it unnecessary to notice them specially.

In view of what we have said, the first charge requested by the plaintiff misplaced the burden of proof and was properly refused. The second charge requested by plaintiff asserted the doctrine of comparative negligence to be applicable to this case. What we have said on that subject, is a sufficient disposition of that charge. The plaintiff's third charge asserted a correct proposition of law. We need not decide, however, on this appeal, whether there was evidence of wantonness on the part of the engineer which authorized the submission of the question to the jury, as the case must go back for another trial when other or different evidence may be adduced. The plaintiff's fourth charge must be considered in reference to the testimony introduced by him

through the witness, Dunham. That witness testified, for and at the instance of plaintiff himself, that a white light displayed as the white light was in this case, meant nothing. If this be true (and it is uncontradicted) the white light in question was not a signal imperfectly displayed, as described in rule 65. It was competent for the plaintiff, without objection from the other side, to so explain the rule; and having done so, he can not, and does not, now complain that the evidence was illegal. The charge was therefore properly refused.

The first charge requested by defendant is in accord with many rulings of this court and was properly given. The defendant's second charge improperly assumes that plaintiff discovered that he was going to faint. It is faulty also, in that it is subject to the interpretation that plaintiff was not entitled to recover if he failed to look up and down the track attentively, whether such failure proximately contributed to the injury or not; and that feature of the case disclosed by the testimony tending to show plaintiff's sick and unconscious condition is ignored in that proposition of the charge. The third charge requested by defendant asserts, in effect, that if plaintiff was guilty of contributory negligence, and there was no negligence on the part of the engineer, plaintiff is not entitled to recover. We see no error in this instruction. There is no claim or pretense of negligence on the part of any other servant than the engineer; and if he was free from blame the defendant is not liable.

The fourth charge requested by defendant seems to us an entirely useless instruction. The Georgia statute under which the action is brought provides that "If the person injured is himself an employe of the company and the damage was caused by another employe, without fault or negligence on the part of the person injured, his employment by the company shall be no bar to the recovery." Certainly, the plaintiff and engineer were both employees of the company, and that is all that is necessary, so far as their relations to the company and to each other are concerned.

For the errors pointed out, the judgment is reversed and the cause remanded.