## DIXON *v.* SOUTHERN RAILWAY COMPANY.

[71 South. 306.]

1. RAILROADS. *Injury to persons on track.  Persons entitled to benefit of lookout.  Evidence.  Sufficiency.*

Under Shannon's Code, Tennessee, sections 1574-1576, requiring a constant lookout by engine crews of railroads and proof thereof by the company in order to escape liability, in an action against a railroad for death of one killed by a train, plaintiff must show, not only that deceased was killed by the running of locomotive or cars of defendant, but also that deceased appeared as an obstruction on the track when killed.

2. SAME.

Evidence that deceased was found dead on the defendant's right of way six or eight feet from the track, bruised and broken, that the weeds were bent as if he had been thrown, and that several trains had passed since he was last seen going up the track at night, was sufficient to sustain the conclusion that deceased appeared as an obstruction upon the railroad track when struck by a train.

APPEAL from the circuit court of Alcorn county.

HON. CLAUDE CLAYTON, Judge.

Suit by W. L. Dixon, administrator, against the Southern Railway Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated by the court.

*W. C. Sweat,* for appellant.

*W. J. Lamb,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This suit was filed in the circuit court of Alcorn county by W. L. Dixon, administrator of the estate of Luther Dixon, deceased, against the Southern Railway Company, for damages for the alleged killing of the said Luther

Dixon by one of its trains in July, 1913, in McNairy county, Tenn., about one-half mile east of Pocahontas. The suit for damages was based upon paragraph 4 of section 1574 and sections 1575 and 1576 of Shannon's Code of the state of Tennessee; the alleged killing having occurred in the state of Tennessee. The said Tennessee statutes in question read as follows:.

Section 1574, subsec. 4, is as follows:

"Every railroad company shall keep the engineer, fireman, or some other person upon the locomotive, always upon the lookout ahead; and when any person, animal or other object appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent the accident."

"Sec. 1575. *Failure to Observe Precaution.*— Every railroad company that fails to obesrve these precautions, or cause them to be observed by its agents and servants, shall be responsible for all damages to persons or property occasioned by, or resulting from, any accident or collision that may occur.

"Sec. 1576. *Observance of.*—No railroad company that observes, or causes to be observed, these precautions shall be responsible for any damage done to person or property on its road. The proof that it has observed said precautions shall be upon the company."

After the plaintiff in the court below, appellant here, had introduced all of his evidence at the trial, the defendant railroad company, appellee here, moved the court to exclude the testimony offered by the plaintiff and grant a peremptory instruction to the jury to find for the defendant. The circuit court excluded the testimony, and granted the peremptory instruction for the defendant, from which action the appellant, Dixon, appeals here, and urges that the lower court erred in granting the peremptory instruction.

111 Miss.—10

The plaintiff below proved his case by testimony in substance as follows: Luther Dixon, deceased, a young farmer, left Memphis and came to Pocahontas on the defendant's train which arrived there at about one o'clock in the morning. He got off of the train at Pocahontas. He had two bottles with him. He was last seen alive at this station, on the south side of the track, at one o'clock in the morning. His wife was spending that night at her mother's house two miles east of Pocahontas, and the nearest way to where his wife was spending the night was to go up the railroad track east. The next morning he was found dead on the defendant railroad's right of way, about six or eight feet from the track, about one-half mile east of Pocahontas. His back and the back of his head were badly bruised, and his arm broken. At the place where his body was lying the track was built on a high fill or dump ten or twelve feet high. His feet were nearly at the bottom of the dump, and his head resting up the bank. The weeds for a distance of six or eight feet were knocked down and bent over toward where his body was lying; the weeds bending in a south-westerly direction from a northeasterly direction. On the end of the cross-ties of the track pieces of broken bottle glass were found, which was about thirty feet in a north-easterly direction from the body. Several trains of the defendant railroad passed along this track between the time deceased was last seen at Pocahontas station and the time his body was found the next morning. Some time that night after one o'clock a light (loose) engine with a bad headlight passed along this track going west. A witness by the name of Thomas Moreland, introduced by the plaintiff, testified that he had lived on the railroad and had seen a good many persons and stock knocked off by trains, and that he examined the ground and the surroundings and the weeds near the body of the deceased, Dixon, and that he could tell from the way the weeds were bent over toward the body that the deceased was knocked off the track by a train; that he could tell that this was

the way it happened as he could see where he hit the ground and rolled over the weeds like a yearling or large hog had been knocked off by trains.    An objection to part of the testimony of this witness, Moreland, was sustained by the court, and the appellant excepted.

Under the statutes of Tennessee set out above the burden of proof was upon the plaintiff in the court below to show by competent testimony that the deceased, Dixon, had appeared upon the track in front of a moving train, by which he was struck and killed.    Proof that he was killed by the running of locomotive or cars of the railroad company is not sufficient, under the Tennessee statute, unless the testimony also tends to show that the deceased appeared as an obstruction upon the track when he was killed.    This construction of the statute in question is well settled by the courts of Tennessee.    Boiled down, the vital question and test here is whether or not the plaintiff in the court below introduced any substantial proof, by circumstances or otherwise, tending to show that the deceased was struck and killed by the front end of a moving train of the appellee railway company. Many cases are cited by counsel on both sides to sustain their respective contentions here, but it will be observed, upon reading these different cases, that the facts in the cases cited are different, and in none of them are the facts precisely the same as in the case before us now.    Therefore, in passing upon the question of the correctness of the decision of the court below in granting the peremptory instruction for the defendant railway company, we must look to the facts in this particular case alone to guide us in our conclusion, as each case must stand upon its own facts.

In the case of *Railroad Co.* v. *Salmon, Administrator,* 2 Higgins, 721 (Court of Appeals of Tennessee), which is a recent decision, the court of Tennessee said:

"The contention below, and the one ably and earnestly pressed upon us here, is that the defendant in error had failed to introduce any substantial proof to the effect

that the deceased had appeared upon the track in front of a moving train as an obstruction. It is undoubtedly true that the burden was upon the defendant in error to adduce evidence directly or indirectly showing this fact. It was not incumbent upon the railroad company to observe the precaution prescribed by the statute until the deceased did appear upon the track in such a manner as to become an obstruction; . . . and it is not required to show observance of the statutory precaution until that is shown, or introduction of evidence tends to show it. The statement of the question shows that it is one of fact, and courts certainly should, hesitate to invade this domain and decide the issue. It is the duty of the court, however, to determine whether or not there was adduced any material facts or circumstances upon which a jury could found a verdict. If the testimony be made up of possibilities and conjectures, the question should not be submitted to the jury. On the other hand, if there are facts, surroundings, and circumstances from which a jury could, following the logic of the layman, draw the inference that the deceased was as a matter of fact upon the track, the trial judge should submit the case to the jury. After a careful scrutiny of this record, we have reached the conclusion that the defendant below introduced testimony that tended to show this essential to the recovery. We are further of the opinion that these facts and circumstances were strong enough to put the case beyond the realm of mere conjecture; that there is to be found evidence which naturally, physically, and legally tends to the establishment of this essential.''

Following the reasoning in the above decision by the court of appeals of Tennessee, which is sound in common sense, we hold that the facts shown in evidence by the appellant here substantially tend to prove that the deceased appeared as an obstruction upon the railroad, and was struck by the front end of a moving train, and that this conclusion may be reasonably reached from the surroundings, facts, and circumstances in proof, which, fol-

lowing the logic of the layman, develops the inference that the deceased was as a matter of fact upon the railway track when struck and killed.

Counsel for appellee cites the cases of *Lewis Barkshadt, Administrator, v. Southern Railway Co.* (Tenn. Oct. 3, 1914, not reported) and the case of *Lucinda Hackney* v. *Cincinnati, New Orleans, and Texas & Pacific Railroad Co.* (Tenn.), decided in 1907, but which is not reported (a copy of the manuscript opinion being filed here), and urges that this case should be controlled by the decision in those cases. We cannot agree with counsel in this, because the facts in the cases there are materially different from those in the case here, and the cases are easily differentiated. The evidence in the instant case, although circumstantial, is much stronger for appellant than in the cases referred to by counsel for appellee.

There is little room for speculation or conjecture under the facts in this case. The testimony introduced by appellant.puts this case so clearly within the statute that the logic of the professional man, as well as that of the layman, could develop no other reasonable inference than that the deceased was struck by the front end of a moving train.

The statute here was conceived and enacted to cover precisely the character of case proven by the appellant. Whether or not the deceased appeared as an obstruction on the track, and the employees of appellee railway did what was required of them by law to prevent the injury, are facts which lie peculiarly within their knowledge, and, under the statute and the testimony in this case, the appellee should have been required to exonerate itself by competent proof.

The question of whether or not our *prima facie* statute (section 1985, Code of 1906) is a rule of evidence and may be successfully invoked here in aid of appellants is not presented to us by counsel on either side, and therefore we do not pass upon it.

*Reversed and remanded.*

Smith, C. J. (specially concurring).   The evidence was sufficient to warrant a finding by the jury that the deceased came to his death as the result of injuries inflicted upon him by the running of appellee's locomotives and cars; but, in my judgment, and as held by the supreme court of Tennessee in two cases, both of which on their facts are practically on all fours with the case at bar, but which seem not yet to have been reported, it is "'purely a matter of speculation as to whether the deceased was an obstruction on the track, or so near it as to be struck by the engine, when he could have been seen by any one on a proper lookout on the engine." The cases I refer to are *Hackney* v. *C., N. O. & T. P. Ry. Co.,* decided in November, 1907, and *Barkshadt* v. *Southern Ry. Co.,* decided in October, 1914, certified copies of the opinion in which are attached to the brief of counsel for appellee.   Under our *prima facie* evidence statute (section 1985, Code 1906), brought forward into chapter 215, Laws 1912, it was not necessary for appellee to prove that the deceased appeared as an obstruction upon the track in order to make out a *prima facie* case; such a case being made out simply by proof that deceased's injuries were inflicted by the running of appellee's locomotives and cars.   This statute creates merely a rule of evidence (*Easterling Lumber Co.* v. *Pierce,* 106 Miss. 672, 64 So. 461), and all matters of evidence are governed by the *lex fori.*   The peremptory instruction therefore should not have been given.

If authority be desired for holding that statutes of the character of the one herein referred to are applicable in cases like the one at bar, it may be found in 10 R. C. L. 862, and authorities there cited in note 6, particularly *Penn. Co.* v. *McCann,* 54 Ohio St. 10, 42 N. E. 768, 31 L. R. A. 651, 56 Am. St. Rep. 695.   See, also, *R. & D. Railroad Co.* v. *Mitchell,* 92 Ga. 77, 18 S. E. 290, and *Helton* v. *A. M. Railroad Co.,* 97 Ala. 275, 12 So. 276.

I am requested by my Brother Sykes to say that he concurs in the views herein expressed.